IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EFRAIM FONTANEZ,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 1:19-cv-216-SPB-RAL |
| ) | |
| **FCI McKEAN WARDEN,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM ORDER

Petitioner Efraim Fontanez, a former inmate at the Federal Correctional Institution at McKean, filed the instant petition for a writ of habeas corpus naming the Warden of FCI-McKean as the Respondent. ECF No. 3. Fontanez is currently serving a term of life imprisonment for federal drug-related offenses. In his petition, Fontanez seeks relief under 28 U.S.C. §2241, arguing that the sentencing court improperly enhanced his sentence under Section 2D1(a) of the Sentencing Guidelines based upon its finding that another individual died while attempting to smuggle heroin to Fontanez in prison – an issue which Fontanez believes should have been determined by a jury.

After Fontanez's petition was lodged on July 29, 2019, the matter was referred to United States Magistrate Judge Richard A. Lanzillo for a report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges. On July 6, 2021, Magistrate Judge Lanzillo issued an R&R recommending that the petition be dismissed for lack of jurisdiction. ECF No. 14. Judge Lanzillo reasoned that Fontanez was attacking the *validity* of his sentence rather than its *execution*, and he had failed to show that relief under § 2255 would be "ineffective or inadequate to test the legality of his detention," as set forth in in §2255(e) and discussed in *In re Dorsainvil,* 119 F.3d 245 (3d Cir.

1

1997), and *Bruce v. Warden Lewisburg USP,* 868 F.3d 170, 178 (3d Cir. 2017). *Id*. Therefore, Judge Lanzillo concluded, Fontanez could not pursue habeas relief under §2241.

On July 28, 2021, Fontanez filed his "response" to the R&R, which the Court construes as objections. For the most part, Fontanez does not appear to contest the Magistrate Judge's determination that relief under §2241 is unavailable. Instead, he appears to challenge only the Magistrate Judge's conclusion that jurisdiction over his §2241 claims is lacking. His central argument seems to be that this Court *can* and *must* exercise jurisdiction in order to decide the merits of his §2241 petition and, therefore, the Magistrate Judge erred in recommending a dismissal of this case for lack of jurisdiction.

The Court discerns no error in the Magistrate Judge's analysis or conclusions. As the United States Court of Appeals for the Third Circuit recently explained in *Brooks v. Warden Allenwood FCI*, No. 21-1158, 2021 WL 2623409 (3d Cir. June 25, 2021), "[a] habeas corpus petition under § 2241 '*shall not be entertained*' unless a § 2255 motion would be 'inadequate or ineffective to test the legality of [the petitioner's] detention.'" *Id*. at *2 (quoting 28 U.S.C. §2255(e)) (emphasis added). When a petitioner cannot demonstrate that a §2255 motion is "inadequate or ineffective" consistent with the principles discussed in *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997) and *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017), the court lacks habeas corpus jurisdiction under §2241, and a dismissal for lack of jurisdiction is required. *See Brooks*, 2021 WL 2623409, at *2 ("Because Brooks's §2241 habeas petition failed to satisfy §2255(e)'s safety valve provision, the District Court lacked jurisdiction to consider it, and dismissal of the § 2241 petition was appropriate.") (citing *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002)). Accordingly, after *de novo* review of the

2

petition and documents in the case, together with the Report and Recommendation and Petitioner's response thereto, the following order is entered:

NOW, this 12th day of August, 2021, IT IS ORDERED that the within petition for a writ of habeas corpus, ECF No. [3], shall be, and hereby is, DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on July 6, 2021, ECF No. [14], is hereby adopted as the opinion of this Court. The Court construes Petitioner's response to the Report and Recommendation, ECF No. [15], as objections, which are OVERRULED.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

_Susan Paradise Baxter_
SUSAN PARADISE BAXTER
United States District Judge

cm:   Efraim Fontanez
      40559-066
      FCI BERLIN
      BOX 9000
      BERLIN, NH 03570   (via U.S. Mail)

      Adam Fischer, Esq. (via CM/ECF)

      The Honorable Richard A. Lanzillo (via CM/ECF)